Pages 1 - 6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable William H. Orrick, Judge

SOFIE KARASEK, individually;         ) No. 15-cv-03717-WHO
NICOLETTA COMMINS, individually;     )
ARYLE BUTLER, individually;          )
                                     )
    Plaintiffs,                      )
                                     )
vs.                                  )
                                     )
THE REGENTS OF THE UNIVERSITY        )
OF CALIFORNIA, a public entity,      )
and DOES 1 through 100,              )
inclusive,                           )
                                     )
    Defendants.                      )
_____)

San Francisco, California
Tuesday, December 15, 2015

TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL
ELECTRONIC SOUND RECORDING - FTR 10:57-11:04

APPEARANCES:

For Plaintiffs:
    Zalkin Law Firm, P.C.
    12555 High Bluff Drive, Suite 301
    San Diego, CA 92130
**BY:**    **IRWIN MYRON ZALKIN, ESQ.**
    **(APPEARING TELEPHONICALLY)**

For Defendant Regents of the University of California:
    Munger, Tolles and Olson
    560 Mission Street, 27th Floor
    San Francisco, CA 94105
**BY:**    **THANE REHN, ESQ.**

Transcribed by Kelly Polvi, Contract Transcriber, utilizing court reporting and transcription hardware and software.

| | |
|---|---|
| 1 | **TUESDAY, DECEMBER 15, 2015**                                      **10:57 A.M** |
| 2 | **P R O C E E D I N G S** |
| 3 | ---oOo--- |
| 4 | **THE CLERK:** Calling civil matter 15-3717, Karasek, et |
| 5 | al., versus Regents of the University of California. |
| 6 | Counsel, please come forward and state your appearance. |
| 7 | And we also have counsel appearing by phone. |
| 8 | **MR. REHN:** Thank you, Your Honor. Thane Rehn, on behalf |
| 9 | of the University of California. |
| 10 | **MR. ZALKIN:** Good morning, Your Honor. Irwin Zalkin on |
| 11 | behalf of the plaintiff. |
| 12 | **THE COURT:** Good morning. So I know you sent in a |
| 13 | stipulation and you didn't want to be here, but I did -- I just |
| 14 | wanted to have one thing -- understand one thing about how the |
| 15 | case is proceeding. |
| 16 | I gave 60 days, I gave a long time, for the motion to |
| 17 | amend. Is the -- is discovery ongoing? |
| 18 | **MR. ZALKIN:** Your Honor, this is Irwin Zalkin. |
| 19 | We had a conversation, Mr. Rehn and I, this morning, and |
| 20 | we were talking about how to proceed with discovery and what |
| 21 | the scope of that discovery can be or should be. |
| 22 | Our intention is to conduct discovery -- we actually have |
| 23 | a document production request about ready to go out at the end |
| 24 | of this week. I appreciate the Court giving us the 60 days. |
| 25 | My interpretation of that is that we're entitled to take |

1  discovery with respect to all three plaintiffs.
2          And in my conversation with Mr. Rehn this morning, it's
3  my understanding that defendant's position is that we are
4  limited to discovery with respect to the single plaintiff that
5  is remaining, pending the -- or our filing of an amendment
6  complaint.
7          So we need a little clarification on that.
8          **THE COURT**: Good.  Okay.  So that -- that is why I wanted
9  to have you in here.
10         The purpose of the 60 days is I want the three plaintiffs
11 to know what the university did with respect to these
12 investigations and to see whether there's a claim there or not
13 that can be stated.  That's why I gave longer than the normal
14 amount of time.
15         So documents with respect to how the university proceeded
16 is particularly what I'm interested in having done.
17         And I'm not limiting the discovery --
18         Have initial disclosures been made?
19         **MR. REHN**:  No, Your Honor.
20         **THE COURT**:  So it's -- that, in general, always is
21 supposed to happen.  A lot of parties do the same thing that
22 the university, I guess, is doing here.  But that should have
23 happened.  And I want it to happen in the next two weeks.
24         I know that we're coming over the holidays, but I want
25 those -- I want the documents out there, I want the plaintiffs

1  to know what kind of a -- whether they have a case or not.  I
2  want to know whether they have a case or not.  And that's what
3  I want to happen in the next 60 days.
4      **MR. REHN:**  Well, Your Honor, our position would be that
5  the rules don't -- the Federal Rules don't provide for
6  discovery if there isn't an operative pleading.
7      The plaintiffs -- two of the three plaintiffs have yet to
8  plead a plausible claim for relief.
9      And so --
10     **THE COURT:**  Was I unclear in anything that I said?
11     **MR. REHN:**  I understand.  I'm suggesting that at least we
12 be given the opportunity to perhaps submit a letter to your
13 court regarding the application of the Federal Rules.
14     **THE COURT:**  I'm not interested in that.  I'm interested
15 in these plaintiffs knowing whether they've got a claim or not,
16 and in the university providing the documents that are relevant
17 to the claims that they have pleaded.  Okay?
18     **MR. REHN:**  We understand, Your Honor.
19     **MR. ZALKIN:**  Your Honor --
20     **MR. REHN:**  Is there any possibility that we could submit
21 any sort of authority, suggesting that --
22     **THE COURT:**  I guess if you were going to do that, I might
23 reconsider whether this complaint should just go forward.
24     The entire purpose of what I did is to be sure that the
25 plaintiffs have a fair shot at this -- at this case.

1        All right?

2        **MR. REHN:**  We understand, and we'll confer with
3    plaintiff's counsel and see what we can do.

4        **MR. ZALKIN:**  Your Honor, while we have you, we still
5    would like to submit some -- a document production request that
6    may include information beyond just the three plaintiffs' files
7    or records that may be limited to their experience.  For
8    example, documents relating to particular policies and
9    procedures and that sort of thing.  A broader brush, I guess,
10   would be the way to put that.

11       Is that something we could go forward with at this point,
12   get moving on?  Even given that we have at least, at the
13   minimum, the Butler case is still alive, but.

14       **THE COURT:**  Yeah, the -- it seems to me you should be
15   primarily focused on how you're going to get a -- how you're
16   going to be drafting this -- the next amended complaint.  And I
17   don't think you want to overload the university with other
18   discovery that can occur later.  So I would really focus on
19   Ms. Karasek and Ms. Commins.

20       **MR. ZALKIN:**  Okay.  I mean, we do have -- you did kindly
21   grant this leave to attempt to state claims -- state negligence
22   claims and state fraud claims.  But we were -- that's what we
23   were thinking about, what discovery might be relevant to
24   informing us on whether to pursue those or not.

25       So that was my --

1       **THE COURT:**  Yeah.  So just focus on those things, meet
2   and confer.  I'm sure the university will be reasonable in the
3   way that it deals with this discovery.
4       You've only got -- you've got less than 60 days.
5       **MR. ZALKIN:**  Yes.
6       **THE COURT:**  And so I wouldn't -- if you seek too much,
7   the university may not be able to comply in a timely way.
8       **MR. ZALKIN:**  Yeah.
9       **THE COURT:**  So I think you ought to meet and confer and
10  figure it out.
11      **MR. ZALKIN:**  All right.
12      Thank you, Your Honor.
13      **THE COURT:**  All right.
14      **MR. REHN:**  Thank you, Your Honor.
15      (Proceedings adjourned at 11:04 A.M.)

**CERTIFICATE OF CONTRACT TRANSCRIBER**

I, Kelly Polvi, CSR, RMR, FCRR, certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken, and further, that I am not financially nor otherwise interested in the outcome of the action.

Dated December 17, 2015.

_____
Kelly Polvi, CSR #6389, RMR, FCRR
Contract Transcriber


*Kelly Polvi, CSR, RMR, FCRR*
*P.O. Box 1427*
*Alameda, CA 94501*
*(503) 779-7406; kpolvi@comcast.net*