IRWIN M. ZALKIN, ESQ. (#89957)
DEVIN M. STOREY, ESQ. (#234271)
ALEXANDER S. ZALKIN, ESQ. (#280813)
RYAN M. COHEN. ESQ, (#261313)
The Zalkin Law Firm, P.C.
12555 High Bluff Drive, Suite 301
San Diego, CA 92130
Tel:  858-259-3011
Fax: 858-259-3015
Email:  Irwin@zalkin.com
        dms@zalkin.com
        alex@zalkin.com
        ryan@zalkin.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| SOFIE KARASEK, individually;<br>NICOLETTA COMMINS, individually;<br>ARYLE BUTLER, individually;<br><br>Plaintiffs,<br><br>vs.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a public entity, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No: 3:15-cv-03717-WHO<br><br>**PLAINTIFFS' UNOPPOSED MOTION TO COMPEL FURTHER PRODUCTION OF DOCUMENTS RE DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**<br><br>Date:  March 23, 2016<br>Time:  2:00pm<br>Place:  Courtroom 2, 17th Floor<br>Judge: Hon. William H. Orrick |

## NOTICE OF MOTION

Plaintiffs hereby move this Court to compel Defendant to produce documents responsive to Plaintiffs' Request for Production of Documents, Set One that are protected by the confidentiality provisions of the Family Educational Rights and Privacy Act.  Plaintiffs are seeking this order on the grounds that the information contained in the documents is vital to Plaintiffs' ability to support their claims, and Plaintiffs' need for the documents outweighs any

3:15-cv-03717-WHO                                            1

**PLAINTIFFS' UNOPPOSED MOTION TO COMPEL FURTHER PRODUCTION OF DOCUMENTS RE DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

privacy interest held by the affected students. The Parties have met and conferred on this issue, and Defendant has agreed not to oppose Plaintiffs' motion. This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the declaration of Irwin M. Zalkin, the pleadings and papers filed herein, and upon any such other matters as may be presented to the Court at the time of the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This case arises out of the alleged inadequate response by The University of California, Berkeley ("University") and Defendant Regents of the University of California ("Regents"), in response to each Plaintiff's report that she had been sexually assaulted, in violation of Title IX. On September 24, 2015, Defendant filed a Rule 12(b)(6) Motion to Dismiss ("Motion to Dismiss") Plaintiffs' Second Amended Complaint. The Court granted Defendant's Motion to Dismiss as to Plaintiff Karasek's and Plaintiff Commins' claims, but gave Plaintiffs leave to amend in order to address the deficiencies this Court found in Plaintiffs' Second Amended Complaint. Subsequently, the Parties engaged in a case management conference with the Court in order to discuss discovery in response to the Court's ruling on Defendant's Motion to Dismiss. During this case management conference, the Court indicated that the Parties should engage in formal discovery to address the issues raised by the Court's memorandum of opinion regarding Defendant's Motion to Dismiss. (Declaration of Irwin M. Zalkin at ¶ 2.)

The Parties met and conferred with regard to a process for engaging in discovery. Pursuant to the agreed to procedure, Plaintiffs served Defendant with a Request for Production of Documents, Set One ("RFP") and Special Interrogatories, Set One (together "Discovery Request") on December 22, 2015. Defendant responded to Plaintiffs' Discovery Request on January 15, 2016, but did not produce any documents at that time as the parties were still negotiating the terms of a protective order. Defendant informed Plaintiffs that no documents referencing any students could be produced, because the documents and information contained

3:15-cv-03717-WHO                                         2

**PLAINTIFFS' UNOPPOSED MOTION TO COMPEL FURTHER PRODUCTION OF DOCUMENTS RE DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

therein were subject to the confidentiality provisions of the Family Educational Rights and Privacy Act of 1974 ("FERPA"). (Decl. of Irwin M. Zalkin at ¶ 4.) Pursuant to FERPA, educational documents and records cannot be produced absent written consent from the potentially affected student, a judicial order, or a lawfully issued subpoena. 20 U.S.C. § 1232g(b)(2).

Plaintiffs have provided written consent to Defendant for the release of their own FERPA protected information, and Defendant has produced the documents form Plaintiff Karasek's and Plaintiff Commins' files accordingly. These files contain minimal documents. Defendants have indicated that the majority of the documents relating to Defendants actions in response to Plaintiffs' complaints are contained in the files of the alleged student assailants. (Decl. of Irwin M. Zalkin at ¶ 5.) Defendant has indicated that it is in possession of additional documents responsive to Plaintiff's RFP, but cannot produce those documents because they would implicate the FERPA protections of other students. Because the documents and information sought by Plaintiffs' is necessary for Plaintiffs' to support their claims, and outweighs any privacy interests held by the potentially affected students, this Court should order Defendant to produce all responsive documents, including any that may be protected by FERPA.

## II.   ARGUMENT

The sole issue presented by the instant Motion, is whether the FERPA protected documents responsive to Plaintiffs' RFP can be ordered produced by this Court. There is very little authority addressing the issue of when FERPA protected documents may be ordered produced. Courts have held that the disclosure of FERPA protected information is appropriate when that information is necessary for the plaintiffs to prove their claim. *Rios v. Read*, 73 F.R.D. 589 (E.D.N.Y. 1977); *see also Ellis v. Cleveland Mun. Sch. Dist.*, 309 F. Supp. 2d 1019, 1023 (N.D. Ohio 2004) (acknowledging that "…while FERPA was intended to prevent schools from adopting a policy or engaging in a practice of releasing educational records, it does not, by its express terms, prevent discovery of relevant school records under the Federal Rules of Civil Procedure).

3:15-cv-03717-WHO                                3

**PLAINTIFFS' UNOPPOSED MOTION TO COMPEL FURTHER PRODUCTION OF DOCUMENTS RE DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

A party seeking disclosure of education records protected by FERPA bears "a significantly heavier burden . . . to justify disclosure than exists with respect to discovery of other kinds of information, such as business records." *Rios*, 73 F.R.D. at 598. In *Rios*, the plaintiffs brought suit claiming discrimination on the basis of race, in violation of Title VI of the Civil Rights Act of 1964, for the educational institution's failure to provide programs to address the Hispanic students' English language deficiencies. *Id.* at 590. Citing FERPA, the defendant refused to produce certain documents evidencing the identifying information of several students, though they provided other content, including the test scores, grades and schedules of the unidentified students. *Id.* at 592. The plaintiffs argued that the student identifying information was necessary because they needed to be able to match up the various data in the documents produced with the racial background of the student in order to establish their claim of racial discrimination. *Id.* After a lengthy analysis of FERPA's legislative history, the court agreed with the plaintiffs, and held that the plaintiffs' genuine need for the FERPA protected information outweighed the privacy interests of the students. *Id.* at 599.

As in *Rios*, Plaintiffs here need the FERPA protected documents in order to prove their claims. Defendant has already indicated that it is in possession of documents responsive to Plaintiffs' various requests to produce documents evidencing all actions that it took in response to Plaintiffs' respective reports that they had been sexually assaulted. Moreover, this Court indicated that it expected the Parties to engage in discovery, specifically on the issue of what Defendant did in response to each Plaintiffs' report of sexual assault. In order to plead allegations sufficient to address the concerns raised by this Court in partially granting Defendant's Motion to Dismiss, Plaintiffs must be able to have access to the FERPA protected documents.

Like in *Rios*, Plaintiff's need for the FERPA documents here outweighs the affected students' rights to privacy. However, to the extent this Court is concerned about the identified students' privacy rights, the Parties have already agreed to allow Defendant twenty days from the date that this Court orders the records produced, in which to provide notice to the affected

3:15-cv-03717-WHO    4

**PLAINTIFFS' UNOPPOSED MOTION TO COMPEL FURTHER PRODUCTION OF DOCUMENTS RE DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

students that it has been ordered to produce documents which may implicate the students' rights under FERPA. *See* 34 C.F.R. § 99.31 (providing that an educational institution may disclose FERPA protected records pursuant to judicial order or subpoena only if the "institution makes a reasonable effort to notify the parent or eligible student of the order or subpoena in advance of compliance, so that the parent or eligible student may seek protective action"). This will give each student an opportunity to object, and allow Defendant to fulfill its obligations under FERPA.

### III.  CONCLUSION

The information contained in the responsive documents being held by Defendant pursuant to FERPA is paramount to Plaintiffs' ability to support their claims. Because Plaintiffs' ability to make their respective cases outweighs the privacy interest of any students who may be identified, this Court should order Defendant to produce all FERPA protected documents responsive to Plaintiffs' RFP.

/ / /

/ / /

Dated: February 18, 2016                              Respectfully submitted,

THE ZALKIN LAW FIRM, P.C.
IRWIN M. ZALKIN
DEVIN M. STOREY
ALEXANDER S. ZALKIN
RYAN M. COHEN

By:   /s/ Alexander S. Zalkin
Alexander S. Zalkin
Attorneys for Plaintiffs

3:15-cv-03717-WHO                                    5

**PLAINTIFFS' UNOPPOSED MOTION TO COMPEL FURTHER PRODUCTION OF DOCUMENTS RE DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**