IRWIN M. ZALKIN, ESQ. (#89957)
DEVIN M. STOREY, ESQ. (#234271)
ALEXANDER S. ZALKIN, ESQ. (#280813)
RYAN M. COHEN, ESQ, (#261313)
The Zalkin Law Firm, P.C.
10590 West Ocean Air Drive, Suite 125
San Diego, CA 92130
Tel: 858-259-3011
Fax: 858-259-3015
Email: irwin@zalkin.com
       dms@zalkin.com
       alex@zalkin.com
       ryan@zalkin.com

Attorneys for Plaintiffs

HAILYN J. CHEN (SBN 237436)
hailyn.chen@mto.com
JOHN B. MAJOR (SBN 306416)
john.major@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

JEROME MAYER-CANTÚ (SBN 291623)
jerome.mayer-cantu@ucop.edu
UNIVERSITY OF CALIFORNIA
Office of the General Counsel
1111 Franklin Street, 8th Floor
Oakland, CA 94607
Telephone: (510) 987-9800
Facsimile: (510) 987-9757

Attorneys for The Regents of the
University of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| SOFIE KARASEK, individually; NICOLLETTA COMMINS, individually; ARYLE BUTLER, individually; <br><br> Plaintiffs, <br><br> vs. <br><br> THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a public entity, and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No: 3:15-cv-03717-WHO <br><br> **STIPULATION AND ORDER TO CONTINUE THE PRETRIAL SCHEDULE** <br><br><br> Judge: Hon. William H. Orrick |

## **STIPULATION**

Pursuant to Local Rule 6-2, the parties to the above-entitled action, by and through their respective counsel of record, hereby stipulate as follows:

WHEREAS, beginning in the Spring of 2020, Plaintiff Karasek was living in Denmark due to the COVID pandemic;

WHEREAS, Plaintiff Karasek maintained a storage unit in New York City while she was living in Denmark;

WHEREAS, Defendant The Regents of the University of California ("Regents") served Karasek with discovery on April 7, 2021;

WHEREAS, due to the fact that Karasek likely had responsive documents in her storage unit in New York City that she could not access because she was living in Denmark, the Parties agreed that Karasek would make an initial production of documents, and then supplement her production when she returned to the United States in August and could access her storage unit;

WHEREAS, Karasek responded to Regents' discovery requests and made an initial production of documents on June 8, 2021;

WHEREAS, Karasek returned to New York City in early August;

WHEREAS, Karasek's supplemental production was delayed from August to September 3, 2021 and then September 7, 2021;

WHEREAS, Karasek began providing her supplemental production on September 7, 2021, and provided additional productions on September 17 and 18, 2021;

WHEREAS, Karasek's deposition was scheduled for September 21, 2021;

WHEREAS, while she was gone, some of the contents of Karasek's storage unit were damaged due to a water leak in the storage facility. For example, Karasek located an old laptop

computer that contains responsive documents that had been damaged by the water leak. Karasek promptly had her laptop repaired and was able to locate responsive documents;

WHEREAS, Karasek continued to clean out her storage unit and on September 19, 2021, uncovered several physical notebooks as well as an external hard drive that likely contain responsive documents;

WHEREAS, upon learning of the additional documents, Karasek's counsel immediately notified counsel for Regents about the additional documents;

WHEREAS, Regents desire to possess and review all responsive documents prior to deposing Karasek;

WHEREAS, in order to promote efficiency and avoid piecemeal deposition practice, the Parties agreed to reschedule Karasek's deposition to a date subsequent to Karasek's production of the additional documents;

WHEREAS, the Court has set October 11, 2021 as a mediation deadline for Karasek's case;

WHEREAS, the Parties have agreed to a mediator and have a scheduled mediation for October 11, 2021;

WHEREAS, the Parties believe that a mediation of Karasek's case will be more productive if it occurs after Karasek has been deposed, but based on the unforeseen delays in Karasek's production of documents, she will no longer be deposed before October 11, 2021;

WHEREAS, Plaintiff Nicolletta Commins and Regents have a scheduled mediation date with the same mediator on December 7, 2021;

WHEREAS, subject to the Court's grant of the Parties' stipulated extension request herein, the Parties have agreed to mediate Karasek's claim on December 7, 2021 and reschedule Commins' mediation for a later date, in order to allow Karasek's mediation to go forward after

her deposition occurs and after all documents responsive to Regents' discovery requests have been produced;

WHEREAS, the current mediation deadline in Commins' case is December 31, 2021;

WHEREAS, based on the extensions of the mediation deadlines, various other deadlines in the pre-trial schedule should also be modified in the interests of judicial efficiency;

WHEREAS, these revisions to the pretrial schedule will permit the parties to better facilitate the mediation process for both Karasek's and Commins' claims;

WHEREAS, the Parties respectfully request that this Court modify the scheduling order as follows:

| Event | Current Date | Stipulated Date |
|---|---|---|
| FRCP 26(a)(1) initial disclosures due from Commins | June 30, 2021 | June 30, 2021 |
| Mediation of Karasek's claim | October 11, 2021 | December 31, 2021 |
| Mediation of Commins' claim | December 31, 2021 | March 31, 2022 |
| Fact discovery cutoff | January 7, 2022 | May 20, 2022 |
| Expert disclosure | March 3, 2022 | July 14, 2022 |
| Expert rebuttal | April 7, 2022 | August 12, 2022 |
| Expert discovery cutoff | April 14, 2022 | August 19, 2022 |
| Dispositive motions heard by | July 6, 2022 | November 22, 2022 |
| Pretrial Conference | September 12, 2022 (subject to the Court's convenience) | January 23, 2023 (subject to the Court's convenience) |
| Trial | October 3, 2022 (subject to the Court's convenience) | February 13, 2023 (subject to the Court's convenience) |

WHEREAS, these requested extensions will have no effect on any other deadlines already fixed by this Court;

NOW THEREFORE, Plaintiffs' and Defendant's counsel respectfully request that this Court enter an order extending the pretrial deadlines as set forth above.

Date: September 27, 2021                    THE ZALKIN LAW FIRM, P.C.

                                    By:    /s/ Alexander S. Zalkin
                                           Alexander S. Zalkin
                                           Attorney for Plaintiffs

Date: September 27, 2021                    MUNGER, TOLLES & OLSON LLP

                                    By:    /s/ John B. Major
                                           John B. Major
                                           Attorney for Defendant

## ORDER

PURSUANT TO THE STIPULATION, IT IS SO ORDERED. All of the dates proposed are acceptable except that the hearing on the dispositive motions shall be on November 16, 2022.

Dated: September 28, 2021                   _____
                                            Hon. William H. Orrick
                                            Judge of the United States District Court